In the matter of BRADHURST and others *against* THE PRE-
SIDENT AND DIRECTORS OF THE FIRST GREAT SOUTH-
WESTERN TURNPIKE ROAD COMPANY.

Proceedings under the act (sess. 40. ch. 134.) to amend the act *incorpo-rating the Ne-versink Turn-pike Road Com-pany*, may be brought before this Court by *certiorari.* And the Court will; on motion, or-der a certifi-cate or *execu-tion*, delivered to the sheriff, for the sale of the lands as-sessed, by vir-tue of the act, to be super-seded, on the ground of *irre-gularity*, for want of *notice* required by the act to be given to the parties interested.

AN act of the legislature was passed the 28th of *March*, 1817, entitled, " an act to amend the act incorporating the *Neversink Turnpike Road Company*, and for altering the name and style of the said company." (40th sess. ch. 134.) By the first section of the act, the council of appointment was authorised to appoint three freeholders to make an equitable and proportionate assessment on such land, in the counties of *Ulster*, *Sullivan*, *Delaware*, and *Broome*, de-scribed in the act, as shall, in their judgment, be materially benefitted by making and finishing the said road, not ex-ceeding 1,200 dollars, for each mile of the road ; and as soon as the assessment was finished, the commissioners were to furnish a certified copy thereof, to be deposited in the clerk's office of each of the said counties, for the inspection of all persons interested, and another copy to be delivered to the president and directors of the company, which assessment, when completed, was to be a *lien* on the lands, &c. *Pro-vided* that the commissioners, before depositing their assess-ments, as directed, shall cause *notice* to be published for *six weeks* successively, in at least one newspaper published in each of the said counties, and also in one newspaper printed in the city of *New-York*, and in the newspaper print-ed by the state printer, that the assessments were com-pleted, and copies thereof deposited, as required, to be ex-amined by any person interested, or his agent, " *during one month*" from and after a certain day, to be named in the said notice for that purpose ; and that at the expiration of

the said one month, they will meet on a certain time and place, in the said notice to be specified, to review the *said* assessment, on the application of any person conceiving himself aggrieved ;" and it is made the duty of the commissioners, *during the said month,* to submit the said assessment roll to the inspection of any person applying for that purpose, and *at such time and place thereafter, as shall have been notified by them, as aforesaid,* they shall *review the said assessment,* &c.

ALBANY,
January, 1819.

Matter of
BRADHURST
v.
FIRST GREAT
S. W. TURN-
PIKE ROAD CO.

The commissioners appointed under the act, gave notice on the 28th of *February,* 1818, that copies of the assessment made by them, under the act, might be seen and examined at the respective places of abode of the commissioners, in the town of *Saugerties,* in the county of *Ulster,* and in the village of *Bingham,* in the county of *Broome,* from the 9th of *March* next following, until the 10th of *April* following ; and that on the 10th of *April* next, the commissioners would meet at the house of *J. E.,* &c. in the village of *D.* and county of *Delaware,* to review and correct the said assessment, &c., which notice was published in the *Ulster Gazette,* once a week, for six weeks, commencing with the 28th of *February,* 1818.

The commissioners, afterwards, under the *seventh section* of the act, delivered to the sheriff of *Ulster* a transcript of the assessment roll, with a certificate, &c. that the lands assessed might be advertised for sale, and so much thereof as might be necessary to satisfy the sums assessed, with the sheriff's fees, be sold, &c. The sheriff, accordingly, proceeded to advertise the lands mentioned for sale.

A motion was made on the last day of the *October* term, that the sale of the lands mentioned in the certificate delivered by the commissioners to the sheriff, be perpetually stayed, and that the certificate be vacated, or for such order, process, or relief, as the Court might think proper to grant. The court, not having time to hear the motion argued, directed a stay of all proceedings by the sheriff, &c. until this term ; and the motion was now renewed, in behalf of the owners of the lands assessed and advertised for sale.

ALBANY,
January, 1819.

Matter of
BRADHURST
v.
FIRST GREAT
S. W. TURN-
PIKE ROAD CO.

*Tillotson*, in support of the motion, contended, that the Court had jurisdiction, and might afford relief. The notice of the application was sufficient to entitle the parties aggrieved to such remedy or relief as the Court might think proper to grant, either by setting aside the proceedings on this motion, or by directing a writ of *certiorari* to bring up the whole proceedings, or by *mandamus*, though, perhaps, there might be some doubts whether a *certiorari* would lie.

This Court has a general superintending power over all inferior jurisdictions, and officers, to correct any irregularities in their proceedings. In *Gilbert* v. *The Columbia Turnpike Co.* (3 *Johns. Cas.* 107.) the proceedings were brought before the Court, on *certiorari ;* and the Court held, that where a special power is granted by statute, affecting the property of individuals, it must be pursued strictly, and it must appear on the face of the proceedings, that the directions of the statute have been strictly observed. So, in *Lawton* v. *The Commissioners of Highways of Cambridge,* (2 *Caines' Rep.* 179.) where the proceedings were brought up by *certiorari,* it was decided, that this Court is clothed with the same common law authority as the Court of *King's Bench* in *England,* and had jurisdiction over, and might award a *certiorari,* not only to all inferior courts, but to persons invested by the legislature with power over the property or rights of the citizen. (4 *Hawk.* 144. 1 *Salk.* 146. 1 Lord *Raym.* 580. 2 *Term Rep.* 235.)

It seems, that a *certiorari* lies only in those cases, where, if the Court below, to whom it is directed, were a court of *record* at common law, a writ of error might be brought. (*Comyns' Dig.* Certiorari, (A. 1.) (D.) *Sayre,* 6, 7. *Str.* 933. 944. 2 *Term Rep.* 235. 2 *Caines,* 179. 3 *Johns. Cas.* 107. 10 *Johns. Rep.* 470.) It cannot be pretended that a writ of error would lie in this case. The proceedings of these commissioners are properly ministerial, not judicial ; and, admitting that a *certiorari* might lie, still a writ of *mandamus* would be a proper, and a more immediate and effectual remedy in this case. (*Bac. Abr. Mandamus,* (C.) (D.) 3 *Bl. Comm.* 110. 3 *Burr.* 1267. 1659. 4 *Burr.* 2188. 3 *Term Rep.* 651.).

There can be no doubt of the irregularity of the pro-

ceedings in this case. The parties are clearly entitled,
under the first section of the act, to *six weeks'* notice of
the time and place of depositing the assessment rolls, &c.
exclusive of the *four weeks* allowed for the examination of
them. Again; by the *fifth* section of the act, the assessments are payable in four instalments, of which due notice
is required to be given, by advertisement, published in each
of the counties through which the road runs, for six weeks
successively. Where a special power is conferred by statute, as in this case, it must be strictly pursued.

*Sudam* and *Betts*, contra, objected to the mode of application for relief, by motion. True, in regard to any process
issuing out of this Court, as to any matter within its jurisdiction, it may interpose, on motion, to prevent abuse.
Nor could it be denied that this Court had the same superintending power over all inferior jurisdictions, as the Court
of K. B. possessed. But here is not a case presented for
the exercise of that power. There is no actual injury to
property; but a mere *lien* created by the assessment, and
two years are allowed, by the act, after the sale, for redemption. The purchaser under the sheriff, can only enforce
his right by an action of ejectment against the owners or
occupiers of the land, in which action the regularity of the
proceedings, and of the sale, may be tried. Will this Court
decide on the rights of the parties, on the affidavits of persons interested, and who could not be witnesses on a trial?
If the Court has no jurisdiction, consent will not give it.
(3 *Caines' Rep.* 129.) It does not depend on the greater
or less degree of aggravation. If the Court has no jurisdiction of the principal question, it has none of its incidents. (*Case of Ferguson,* 9 *Johns. Rep.* 239. per *Kent,*
Ch. J.)

Where the party applies to the equitable interference of
the Court, for relief, on motion, it is always on the ground
of an immediate injury, or imminent danger of irreparable
damage, when a summary remedy is the only means of protection. In the case of *Gilbert* v. *The Columbia Turnpike
Co.,* which has been cited, the proceeding was by *certiorari.*
In *Ball* v. *Partridge,* (1 *Sid.* 296.) in the case of the

ALBANY,
January, 1819.

Matter of
BRADHURST
v.
FIRST GREAT
S. W. TURN-
PIKE ROAD Co.

*Commissioners of the Cambridge Fens,* the Court held, that a *certiorari* would not lie to remove the proceedings, but if any thing, it was a *procedendo.* Where a party has a remedy by action, and the danger of injury is not imminent, the Court will not interpose, on motion. A *mandamus* is clearly not the proper remedy ; a *certiorari* may, perhaps, lie ; but it is enough, in the present instance, to show that the present motion cannot be sustained. If there is no danger that the property can be taken away before any action or legal remedy can be applied, there can be no ground for this application for summary relief. (*Cro. Car.* 543. 1 *Sid.* 166. 355. *Roll. Abr.* 395. 2 *Bac. Abr. Courts of Cinque Ports—Stannaries—Commissioners of Sewers,* 208, 209. 211. 213, 214. 5 *Co.* 99. *b. Rooke's Case,* 2 *Bulst.* 197. 3 *Inst.* 125. *Cro. James,* 336.)

*Henry,* in reply, said, it was proper to make this application, that the Court might point out to the party injured, his proper remedy, whether it was summary, by motion, or by *certiorari, mandamus,* or *prohibition,* neither of which writs could issue without cause shown to the Court. The fit and proper remedy, he insisted, was by motion. By the act, the sheriff, on receiving the assessment roll and certificate, under the hands and seals of the commissioners, is to proceed, in all respects, as on an *execution.* He acts *ministerially.* A *certiorari* cannot suspend an execution commenced ; nor can it be directed to a ministerial officer. The effect of the sale is to vest the land in the purchaser in fee simple. Admitting that the purchaser must bring his ejectment, and that the owner may defend the suit, on the ground of irregularity : Yet what a multitude of suits against all the owners of these lands, throughout these extensive counties, must arise ! What a floodgate of litigation would be opened ! A *prohibition* cannot lie in such a case ; for it can only be directed to a court of record. A *certiorari* cannot be effectual ; for it must be directed to the commissioners, who will return their proceedings, but it will not stay the execution of the process delivered to the sheriff. Besides, it goes only to courts or jurisdictions whose proceedings are of record or in writing.

Again ; suppose a false return, it cannot be controverted, but must be conclusive; and though the party might have an action for a false return, yet it will be no adequate remedy. On a return to a *mandamus*, the matters of fact may be traversed ; it is, therefore, a more fit remedy.

ALBANY,
January, 181 .

Matter of
BRADHURST
v.
FIRST GREAT
S. W. TURN-
PIKE ROAD CO.

*Per Curiam.* There can be no doubt of the power of this Court to cause these proceedings to be brought before them. It has been frequently decided, that when the legislature confer a power on any inferior tribunal, the exercise of which may affect the rights of person or property, notwithstanding their decision may be declared to be final, yet this Court, like that of the Court of K. B., has a general superintending control over its proceedings. (2 *Caines*, 179. 182.) Nor can there be any doubt of our power to grant a *certiorari.* The parties aggrieved have a right to that writ; and if asked for, we could not refuse it. The case of *The King* v. *Bagshaw*, (7 *Term Rep.* 363.) is perfectly analogous to the present. Under a turnpike act, the trustees had power to turn the road through private grounds, making satisfaction to the persons interested for the damage they might sustain : And the trustees were authorized to give *notice* to the parties to treat, and in case of their neglect or refusal to do so, within twenty days after such notice, or in case they could not agree, to summon a jury to inquire into and assess the damages, and to order the sum so assessed to be paid by the owners, according to the verdict. The proceedings in that case having been removed to the Court of K. B. by *certiorari*, and it appearing that the trustees had given *no notice* to the party injured, the verdict, assessment of damages, and order, then were, on a rule to show cause, quashed. But the immediate, and chief purpose of the present application, is to have the certificate or execution set aside, on the ground of irregularity ; and a *certiorari* would not be adequate to the exigency of the case, as it would not reach the execution. We must, then, have power to afford relief in some other way ; and that is on motion.

Analogous cases have come before this Court, as to proceedings under the " *Act for relief against absconding and*

ALBANY,
January, 1819.

*absent debtors ;*" and we have, on motion, afforded every relief which the case required : We have staid the proceedings, and have modified them, according to the equity and justice of the case. (*In the matter of M'Kinley,* 1 *Johns. Cas.* 137. *Learned* v. *Duval,* 3 *Johns. Cas.* 141. 3 *Johns. Cas.* 278. *Lenox* v. *Howland,* 3 *Caines' Rep.* 257. 2 *Caines,* 318. 1 *Johns. Rep.* 165. 174. 7 *Johns. Rep.* 248.) We have done this by virtue of our general superintending power over all such inferior jurisdictions ; and we shall exercise that power in the present case.

According to the true construction of the act, the parties were entitled to six weeks notice, in addition to the four weeks, during which the rolls were to remain for inspection. The certificate, or execution, therefore, has been prematurely issued. It was irregular, and we have power to set it aside. It would be lamentable, indeed, if we had not power over these proceedings, to prevent abuse, if any should arise, and to attain the great purposes of justice. We shall, accordingly, order a writ, or mandate, in the nature of a *supersedeas* to the certificate, or execution, in the hands of the sheriff, to be issued. At present, we interfere only in regard to the execution. The parties may, if they think proper, bring up the whole proceedings by *certiorari.*

*Supersedeas* awarded.