The People of the State of New York, Respondent, v. The Orange County Road Construction Company, Appellant.

1. Constitutional Law — Penal Code, § 384h, Supd. 1, Relating to Hours of Labor, Class Legislation and Void. Subdivision 1 of section 384h of the Penal Code, prohibiting any person or corporation contracting with the state or a municipal corporation from requiring more than eight hours' work for a day's labor and making a violation thereof a misdemeanor punishable by fine and the forfeiture of the contract, is unconstitutional and void, since having no relation to the public health, morals or order, it cannot be upheld as a valid and constitutional exercise of the police power vested in the legislature, and as it applies only to the case of a contract with the state or a municipality, it creates an arbitrary distinction between persons contracting with the state or a municipality and other employers of labor, thus violating the provisions of the Federal Constitution (14th amend. § 1) forbidding any state to "deny to any person within its jurisdiction the equal protection of its laws."

2. State Cannot Dictate Hours of Labor to Independent Contractors in the Absence of Reservation of Such Right in the Contract. Nor can the statute be upheld upon the ground that the work to which it applies is state work and that, therefore, the legislature may prescribe rules for the manner in which it is to be performed; since the statute does not relate to work which is prosecuted by the state itself, or deal exclusively with employees of the state, but its terms, "any person or corporation, who contracting with the state, or a municipal corporation," include independent contractors, i. e., those who contract to perform the work at their own risk and cost, the workmen being their servants, and the contractors, not the state or the municipality with which they contract, being liable for their misconduct; and in the absence of a reservation to that effect in the contract the state cannot dictate the details of its performance.

3. Statute Must Be Condemned in Its Entirety. Assuming, but not deciding, that under the Labor Law (L. 1897, ch. 415), which prescribes that municipal contracts shall contain a stipulation against more than eight hours for a day's work, the legislature may punish criminally a violation by the contractor of his obligations assumed under and by virtue of the provisions of such law, the statute in question does not purport to do anything of that kind; it draws no distinction between contractors whose contracts have been made prior to its enactment and those who might contract subsequently; it does not assume to punish any offender against its provisions because he has violated any

1903.]   People v. Orange County Road Cons. Co.   85

N. Y. Rep.]                Statement of case.

contract, but solely because he has done the prohibited act, *i. e.*, required more than eight hours' labor regardless of the terms and conditions of his contract; the statute must, therefore, be condemned in its entirety.

4. Material Defects in Indictment.   Assuming that the statute can be upheld as one inflicting punishment for the willful violation of a contract and that it *ex proprio vigore* imported into every contract subsequently made an agreement by the contractor not to require more than eight hours' work in a day from his employees, an indictment against a contractor for an alleged violation of the statute is fatally defective unless it charges that the contractor, either by express agreement or by force of the statute, contracted not to require more than eight hours' labor; and an indictment which fails to charge any actual or implied stipulation to that effect in the contract, or charge that the contract was made subsequent to the enactment of the statute, is defective and a demurrer thereto must be sustained and the defendant thereunder discharged.

*People* v. *Orange Co. Road Cons. Co.*, 73 App. Div. 581, reversed.

(Argued January 22, 1903; decided April 28, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1902, which reversed an order of the Orange County Court sustaining a demurrer to an indictment and overruled such demurrer.

The facts, so far as material, are stated in the opinion.

*William D. Guthrie* for appellant.   The statute in question deprives the defendant corporation of liberty and property without due process of law, and denies to it the equal protection of the laws, and, therefore, is in conflict with the state and national constitutions. (*Holden* v. *Hardy*, 169 U. S. 366, 395, 398; *People* v. *Lochner*, 73 App. Div. 120; *People* v. *Phyfe*, 136 N. Y. 554; *Com.* v. *H. Mfg. Co.*, 120 Mass. 383; *Wenham* v. *State*, 91 N. W. Rep. 421; *Ritchie* v. *People*, 155 Ill. 98; *Bank of Columbia* v. *Okely*, 4 Wheat. 235; *Matter of Jacobs*, 98 N. Y. 98, 107; *People* v. *Marx*, 99 N. Y. 277; *People* v. *Gillson*, 109 N. Y. 389; *Colon* v. *Lisk*, 153 N. Y. 188.) The statute cannot be sustained upon the theory that the state has power to make its own contracts and to determine for itself and its agents the hours of labor of its and their employees as freely as any other proprietor or

**86**    People *v.* Orange County Road Cons. Co.    [April,

Points of counsel.    [Vol. 175.

employer of labor. (*People ex rel. v. Coler*, 166 N. Y. 1; *Dartmouth College Case*, 4 Wheat. 518; *People v. Ingersoll*, 58 N. Y. 1; *People ex rel. v. Murray*, 149 N. Y. 367; *Lowell v. Boston*, 111 Mass. 454; *M. H. Cemetery v. Boston*, 158 Mass. 509; *Allen v. Inhabitants of Jay*, 60 Me. 124; *Atkins & Co. v. Town of Randolph*, 31 Vt. 226; *State v. Foley*, 30 Minn. 350; *Wilson County v. Bateman*, 54 Tex. 153; *Grogan v. San Francisco*, 18 Cal. 590.)

*L. Laflin Kellogg* and *William Vanamee* for appellant. The statute under which the indictment was found, in so far as it limits the hours of labor of persons employed by persons or corporations contracting with the state or municipal corporations to not more than eight hours a day, and providing that a person violating the provisions of the statute is guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than $500 nor more than $1,000, and in addition to such fine the contract shall be forfeited at the option of the municipal corporation, is illegal, unconstitutional and void. (Const. of N. Y. art. 1, §§ 1, 6; Const. of U. S. 14th amdt. § 1; *People v. Hawkins*, 157 N. Y. 1; *Holden v. Hardy*, 169 U. S. 366; *People ex rel. v. Coler*, 166 N. Y. 1; *People ex rel. v. Coler*, 166 N. Y. 144; *Bramley v. Norton*, 5 Ohio N. P. R. 183; *Matter of Jacobs*, 98 N. Y. 98; *People v. Marx*, 99 N. Y. 378; *People v. Gillson*, 109 N. Y. 389; *Colon v. Lisk*, 153 N. Y. 188.) The provisions in question have no relation whatsoever to the public health, safety or morals, and cannot be held valid as a police regulation. (*Colon v. Lisk*, 153 N. Y. 188; *Matter of Morgan*, 58 Pac. Rep. 1071; *Matter of Eight-Hour Law*, 39 Pac. Rep. 328; *Low v. R. P. Co.*, 59 N. W. Rep. 362; *Ritchie v. People*, 155 Ill. 98; *Matter of Kubach*, 9 L. R. A. 482; *Fiske v. People*, 188 Ill. 206; *City of Seattle v. Smyth*, 22 Wash. 327; *Bramley v. Norton*, 5 Ohio N. P. R. 183.)

*A. H. F. Seeger* and *A. V. N. Powelson* for respondent. The statute is constitutional. (*People v. Warren*, 77 Hun,

120 ; *People ex rel.* v. *Beck*, 144 N. Y. 227 ; *People ex rel.* v. *Coler*, 168 N. Y. 16 ; *Clark* v. *State*, 142 N. Y. 1 ; *Williams* v. *Eggleston*, 170 U. S. 304 ; *Mayor, etc.,* v. *F. Nat. Bank,* 111 N. Y. 446 ; *Matter of Dalton*, 61 Kan. 257 ; *State* v. *McNally*, 48 La. Ann. 1450 ; *U. S.* v. *Martin*, 94 U. S. 400 ; *Matter of Morgan*, 58 Pac. Rep. 1071.) The statute should be sustained as a legitimate exercise of the police power of the state over a business affected with a public interest. (*People* v. *Budd*, 117 N. Y. 1.)

Cullen, J. The appellant was indicted for having in violation of subdivision 1, section 384h of the Penal Code required more than eight hours' work for a day's labor from certain of its employees, it being at the time a contractor with the county of Orange for the performance of a contract entered into by the latter with the state for the improvement of a public highway. The defendant demurred to the indictment on the ground that the facts stated therein did not constitute a crime, because the section of the Penal Code quoted was unconstitutional and void. The County Court sustained the demurrer. The Appellate Division reversed the judgment and overruled the demurrer. From the order of the Appellate Division this appeal is taken.

It seems to me to be entirely clear that the statute cannot be upheld as an exercise of the police power vested in the legislature. I should think the proposition too plain for debate. But if this assertion be considered dogmatic then I say that the question is settled by the decisions both of this court and the Supreme Court of the United States. While the field for the exercise of the police power, subject to which all property is possessed by the citizen and all his callings or vocations must be pursued, is very broad, so broad that no court has sought to define accurately its extent, still it is subject to recognized limitations. In the interest of public health, of public morals and of public order, a state may restrain and forbid what would otherwise be the right of a private citizen. It may enact laws to regulate the extent of the labor which

women and children or persons of immature years shall be allowed to perform, and prohibit altogether their employment in dangerous occupations. (*Commonwealth* v. *Hamilton Manufacturing Co.*, 120 Mass. 383; Tiedeman's Police Power, § 85.) It may limit the hours of employment of adults in unhealthy work (*Holden* v. *Hardy*, 169 U. S. 366), and it may be that it could prohibit the performance of excessive physical labor in all callings. But as said in *Matter of Jacobs* (98 N. Y. 98) and *People* v. *Gillson* (109 N. Y. 389), while it is generally for the legislature to determine what laws and regulations are needed to protect the public health and serve the public comfort and safety, such measures must have some relation to these ends. In that case a law prohibiting the manufacture of cigars or preparations of tobacco in tenement houses was held unconstitutional because it bore no relation to the health of the occupants of tenement houses. If there were three families or less in the tenement house, however numerous their members, the manufacture was allowed, while if there were more than three families, however few their members and however large and extensive the house, the manufacture was forbidden. The statute now before us does not deal with the character of the work, the age, sex or condition of the employees, not even the personality of the employer, but applies only to the case of a contract with the state or a municipality. What possible bearing on the health or security of the employees or on public health has the fact that the employer is executing a contract for the construction or performance of a state or municipal work? The defendant might be constructing in the next town a road for a turnpike company or for its own use. In this work it could require labor for as many hours a day as it saw fit and could get workmen to perform. Yet the same action, involving exactly the same character of work, when done in performance of a contract with the public is by this statute made criminal. If we assume that a general statute forbidding in all cases the performance of physical labor for more than eight hours out of the twenty-four would be consti-

tutional, that concession would not sustain the validity of the act before us. The vice of the statute is the arbitrary distinction drawn between persons contracting with the state and other employers. In *Gulf, C. & S. F. R. Co.* v. *Ellis* (165 U. S. 150) a statute which authorized the award of judgment in actions against railway companies of costs not given in suits against other defendants, was held void as violating the equal protection of the law guaranteed by the Federal Constitution in that it singled them out from all citizens and corporations. It was there said : " Classification for legislative purposes must have some reasonable basis upon which to stand. But arbitrary selection can never be justified by calling it classification. The equal protection demanded by the Fourteenth Amendment forbids this." To the same effect is *Cotting* v. *Kansas City Stock Yards Company* (183 U. S. 79) and the recent case of *Connolly* v. *Union Sewer Pipe Company* (184 U. S. 540), in the latter of· which cases it was held that a statute of Illinois which forbade business combinations for certain purposes was void because there was excepted from its application agriculturists and live stock dealers. The same doctrine has been recently held by this court in *Matter of Pell* (171 N. Y. 48. See *People ex rel.* *Tyroler* v. *Warden*, 157 N. Y. 116 ; *Colon* v. *Lisk*, 153 N. Y. 188).

It is urged that the work is a state work and that the legislature may prescribe rules for the manner in which it is to be performed. As a general proposition this is doubtless true. The state may prescribe regulations for the conduct of its employees. Those employees must comply with the mandate of the legislature. If in the case of a private person his foreman or manager should, in intentional violation of the master's command, exact more than eight hours' work a day from the men working under him, the master might discharge him even though his contract of employment was for a definite term. In the case of the state the employer being not only master but sovereign it may be that it could go further and make the violation of its mandates criminal.

This statute, however, does not deal with employees, at least not exclusively with them. The section reads : " Any person or corporation who, contracting with the state or a municipal corporation, shall require more than eight hours' work, for a day's labor   *   *   *   is guilty of a misdemeanor." The statute does not define the meaning of " contracting with the state or a municipal corporation." Doubtless a person who is a mere employee of the state or of a municipal corporation contracts for the performance of his service. I suppose, however, the statute was intended to apply to the case of what is known in law as an independent contractor; that is to say, one who contracts to perform the work at his own risk and cost, the workmen being his servants and he, not the state or corporation with whom he contracts, being liable for their misconduct. If it does not apply exclusively to such contractors it includes them. If not, that is the end of this case, for it does not appear in the indictment that the defendant was not an independent contractor. Now, while as I have said, if the state itself prosecutes a work it may dictate every detail of the service required in its performance; prescribe the wages of workmen, their hours of labor and the particular individuals who may be employed, no such right exists where it has let out the performance of the work to a contractor unless it is reserved by the contract. The state in this respect stands the same as its citizens. Its rights are just as great as those of private citizens but no greater.

As the law cannot be upheld either as a valid exercise of the police power, or because the work was being done for the state, to sustain it some other ground must be found on which it may rest. Only one is suggested. On the same day upon which the section of the Penal Code before us became a law there was enacted chapter 415 of the Laws of 1897, known as the Labor Law. By section 3 of that act it was provided that eight hours should constitute a legal day's work for all classes of employees in this state except those engaged in farm and domestic labor, unless otherwise provided by law. It was further provided that this should not prevent an agree-

ment for overwork for extra compensation. By chapter 567 of the Laws of 1899 this section was amended so as to withdraw from ,the exception provided by it work done by or for the state or a municipal corporation or by contractors or subcontractors therewith. It further provided that every contract with the state or a municipal corporation which involved the employment of laborers, workmen or mechanics, should contain a stipulation that no laborer, workman or mechanic in the employ of the contractor, sub-contractor or other persons doing or contracting to do the whole or a part of the work contemplated by the contract should be permitted or required to work more than eight hours in any one calendar day, except in cases of extraordinary emergency caused by fire, flood or danger to life or property, and (in substance) that for failure to comply with this stipulation the contractor should forfeit his contract and his compensation. It is contended that the legislature may punish criminally a violation by the contractor of his obligations assumed under the provisions of this law. This presents the question of whether the legislature can make the breach of a civil contract solely as such a criminal offense. I am not now prepared either to assert or deny the correctness of the proposition. The only case in which there is any discussion of the question which thus far has come to my attention is that of *Robertson* v. *Baldwin* (165 U. S. 275). There the discussion is cursory and incidental, the question not being necessarily involved in the case. The appeal presented the constitutionality of the Federal statute which authorizes the arrest of deserting seamen and their return to the vessels which they may have deserted, which was challenged as violating the thirteenth amendment of the Constitution forbidding slavery or involuntary servitude. The statute was held good. In the majority opinion, Judge Brown, after referring to an English statute which made artificers and handicraftmen, who might desert the service of their masters before the expiration of the period for which they had contracted to serve, subject to imprisonment, said: " The breach of a contract for personal

services has not, however, been recognized in this country as
involving a liability to criminal punishment, except in the
case of soldiers, sailors and possibly some others, nor would
public opinion tolerate a statute to that effect." In his dis-
senting opinion Judge Harlan said: " If it be said that
government may make it a criminal offense, punishable by
fine or imprisonment or both, for any one to violate his private
contract voluntarily made, or to refuse without sufficient rea-
son to perform it — a proposition which cannot, I think, be
sustained at this day in this land of freedom — it would by no
means follow that government could," &c.   Granting, how-
ever, the claim that the legislature can provide for the pun-
ishment criminally of a willful violation by the contractor of
the contract provisions alluded to, it is sufficient to say that
the statute before us does not purport to do anything of that
kind.   If it had provided that any person who, having con-
tracted with the state or a municipality not to require or suffer
his employees or workmen to labor more than eight hours a
day should violate that agreement, then the question discussed
would be presented.   Prior to and at the time of the enact-
ment of the section of the Penal Code no law had ever
required municipal or state contracts to contain any stipulation
as to the time the contractors' workingmen should be suffered
or required to labor.   The Labor Law as originally passed on
the same day authorized in express terms overwork for extra
compensation in the performance of state and municipal con-
tracts.   The penal statute draws no distinction between con-
tractors whose contracts had been made prior to its enactment
and those who might contract subsequently.   To fall within
its provisions it was sufficient that on the day after its enact-
ment a contractor should require more than eight hours' work a
day, though he was engaged in the performance of a contract
years old and containing no agreement relating to the hours
of labor.   The statute does not assume to punish an offender
against its provisions because he has violated any contract,
but solely because he has done the prohibited act, i. e.,
required more than eight hours' labor regardless of the terms

and conditions of his contract. The statute should, therefore, be condemned in its entirety and cannot be upheld as to the limited class of cases in which it may be the legislature had the power to act but has not acted. In the case of *Wynehamer* v. *People* (13 N. Y. 378; cited, with approval, *Matter of Townsend*, 39 N. Y. 171, 180) a statute authorizing the summary confiscation and destruction of intoxicating liquors was declared void as violating the provision of the Constitution which declares that no person shall be deprived of life, liberty or property without due process of law. It was held that the legislature might constitutionally prevent the future manufacture or importation of such liquors. But it was further held that inasmuch as the act did not discriminate between such liquors as were possessed when it took effect as a law and such as that might thereafter be acquired by importation or manufacture and did not warrant any defense based on that distinction, it could not be sustained in respect to any liquor whether existing at the time when the act took effect or acquired subsequently. This case is not similar to that recently before us in *People ex rel. Devery* v. *Coler* (173 N. Y. 103), where we held a portion of the statute valid regardless of the question whether other parts of the statute were constitutional or not.

But if we assume that the statute can be upheld as one inflicting punishment for the willful violation of a contract, and if we further assume that the statute *ex proprio vigore* imported into every contract subsequently made an agreement by the contractor not to require more than eight hours' work in a day from his employees, the indictment would still be fatally defective. To make out an offense under this view of the law it would be necessary to charge that the contractor in one way or the other, either by express agreement or by force of the statute, contracted not to require more than eight hours' labor. The indictment does not charge any stipulation to that effect in the contract, nor does it charge that the contract between the defendant and the county of Orange was made subsequent to the enactment of the statute. There is nothing,

therefore, alleged which charges that the defendant by requiring more than eight hours' labor violated any provision of its contract either express or implied.

The order should be reversed, the demurrer sustained and the defendant discharged.

HAIGHT, J. (dissenting). The demurrer to the indictment relied upon is to the effect that the facts stated therein do not constitute a crime for the reason that the first subdivision of section 384h of the Penal Code, under which the indictment was drawn, is unconstitutional and void. The question, therefore, raised for consideration is the constitutionality of that act and no other question is presented for determination. Whether the indictment is defective in failing to charge certain facts or the statute is wanting in some particular to make it effective, are questions with which we have nothing to do upon this review. The question discussed upon the argument of this appeal was the constitutionality of the eight-hour clause of the statute. This was the question raised by the demurrer and I think that it should now be decided by this court. If questions other than this are to be now determined then I think a reargument should be ordered so that the court may have the aid to be derived from a careful discussion of the questions by counsel.

BARTLETT, MARTIN and VANN, JJ., concur with CULLEN, J. PARKER, Ch. J., and WERNER, J., concur in the result on the sole ground that the indictment is insufficient because it fails to allege that the contract therein referred to was made subsequent to the enactment of the statute, but they dissent from even the expression of a doubt as to the power of the state to enforce its constitutional mandate by making a violation thereof a crime, whether such violation arises under contract with the state or otherwise. HAIGHT, J., dissents.

Order reversed, etc.