# Court of Appeals.

### May, 1904.

# THE PEOPLE ex rel JACOB H. McPIKE v.

# JOHN E. VAN DE CARR, AS WARDEN, Etc.

### (178 N. Y. 425.)

**1. CONSTITUTIONAL LAW—CHAPTER 272, LAWS of 1903, AMENDING PENAL CODE, § 640, SUBD. 16, PROHIBITING USE OF UNITED STATES AND STATE FLAGS FOR ADVERTISEMENT, UNCONSTITUTIONAL IN PART.**

That part of subdivision 16 of section 640 of the Penal Code, as amended by chapter 272 of the Laws of 1903, providing that "Any person, who in any manner, for exhibition or display, shall place or cause to be placed, any word, figure, mark, picture, design, drawing or any advertisement, of any nature, upon any flag, standard, color or ensign of the United States or state flag of this state, or ensign, * * * or who shall expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article or substance, being an article of merchandise, or a receptacle of merchandise upon which shall have been printed, painted, attached or otherwise placed, a representation of any such flag, standard, color or ensign, to advertise, call attention to, decorate, mark, or distinguish, the article, or substance, on which so

placed, * * * shall be deemed guilty of a misdemeanor * * *'' applies as well to articles manufactured and in existence when it was lawful to manufacture them and have them in possession as to those thereafter manufactured or acquired; it attempts, therefore, to destroy existing property rights and, whether the value thereof be much or little, it is void.

People ex rel. McPike v. Van De Carr, 91 App. Div. 20, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 12, 1904, which reversed an order of Special Term dismissing a writ of habeas corpus and remanding relator to custody.

John McPike, the relator sued out a writ of habeas corpus to review a judgment of conviction rendered against him for violating chapter 272, Laws of 1903, entitled "An act to amend section six hundred and forty of the penal code, relative to the desecration, mutilation or improper use of the flag of the United States, or of this state." The Special Term dismissed the writ and remanded relator to custody, but the Appellate Division, first department, reversed such order and discharged relator from custody. From the latter order an appeal is taken to this court.

The statute is as follows: "Any person who, in any manner, for exhibition or display shall place or cause to be placed, any word, figure, mark, picture, design, drawing or any advertisement, of any nature, upon any flag, standard, color or ensign of the United States or state flag of this state or ensign, or shall expose or cause to be exposed to public view any such flag, standard, color or ensign, upon which shall be printed, painted, or otherwise placed, or to which shall be attached, appended, affixed, or annexed, any word, figure, mark, picture, design, or drawing, or any advertisement of any nature, or who shall expose to public view, manufacture, sell, expose for sale, give away, or

have in possession for sale, or to give away, or for use for any purpose, any article, or substance, being an article of merchandise, or a receptacle of merchandise upon which shall have been printed, painted, attached, or otherwise placed, a representation of any such flag, standard, color, or ensign, to advertise, call attention to, decorate, mark, or distinguish, the article, or substance, on which so placed, or who shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt, either by words or act, upon any such flag, standard, color, or ensign, shall be deemed guilty of a misdemeanor, and shall be punished by a fine not exceeding one hundred dollars or by imprisonment for not more than thirty days, or both, in the discretion of the court. The words flag, standard, color, or ensign, as used in this subdivision or section, shall include any flag, standard, color, ensign, or any picture or representation, of either thereof, made of any substance, or represented on any substance, and of any size, evidently purporting to be, either of, said flag, standard, color or ensign, of the United States of America, or a picture or a representation, of either thereof, upon which shall be shown the colors, the stars, and the stripes, in any number of either thereof, or by which the person seeing the same, without deliberation may believe the same to represent the flag, colors, standard, or ensign, of the United States of America. This subdivision and section shall not apply to any act permitted by the statutes of the United States of America or by the United States army and navy regulations, nor shall it be construed to apply to a newspaper, periodical, book, pamphlet, circular, certificate, diploma, warrant or commission of appointment to office, ornamental picture, article of jewelry, or stationery for use in correspondence, on any of which shall be printed, painted or placed, said flag, disconnected from any advertisement."

William Travers Jerome, District Attorney (Howard S. Gans of counsel), for appellant.    If legislation be within the proper limits of the police power, then neither the fact that it involves incidentally a diminution or practical destruction of the value of property, nor the fact that it limits, to some extent, the commerce between the states, nor the fact that it involves a superficial inequality in its application, nor the fact that it restricts the use of a patented article, will affect its validity.    (Mugler v. Kansas, 123 U. S, 623; L'Hote v. New Orleans, 177 U. S. 587; Plumley v. Mass., 155 U. S. 461; M., K. & T. R. R. v. Haber, 169 U. S. 615; Reid v. Colorado, 187 U. S. 137; People v. Havnor, 149 N. Y. 195; People v. Stedecker, 175 N. Y. 57; Mallet v. North Carolina, 181 U. S. 589; M. P. R. R. Co. v. Mackey, 127 U. S. 205; Patterson v. Kentucky, 97 U._S. 501.)

Louis Marshall for respondent.    Chapter 272 of the Laws of 1903 is unconstitutional in that it deprives the relator of his liberty and property without due process of law, and of a right and privilege secured to citizens of the state, in violation of sections 1 and 6 of article I of the Constitution of the State of New York, and section 1 of article XIV of the amendments to the Constitution of the United States. (Slaughter House Cases, 16 Wall. 36; B. U. Co. v. C. City Co., 111 U. S. 746; Yick Wo v. Hopkins, 118 U. S. 356; Allgeyer v. Louisiana, 165 U. S. 578; Matter of Jacobs, 98 N. Y. 98; People v. Marx, 99 N. Y. 377; People v. Gillson, 109 N. Y. 389; People ex rel. v. Warden of City Prison, 157 N. Y. 116; State v. Julow, 129 Mo. 163; Matter of Flukes, 157 Mo. 125.)

PARKER, Ch. J.

The Constitution of this state vests the legislative power in the senate and assembly, and subjects it to certain

important limitations, one of which is that no person shall be "deprived of life, liberty or property without due process of law; nor shall private property be taken for public use without just compensation." (Const. art. 1, § 6.)

In Wynehamer v. People (13 N. Y. 378) Wynehamer was convicted of selling liquors contrary to a statute entitled "An act for the prevention of intemperance, pauperism and crime." This court holds in that case that if the statute was limited in its operation to the sale of liquors manufactured or imported after the act took effect it would be valid ; but as the act goes further and substantially destroys the property in intoxicating liquors owned and possessed by persons within the state when the act took effect, it offends against the constitutional provisions quoted supra and is void, and may not be sustained in respect to any liquor whether existing at the time the act took effect or acquired subsequently.

This case and its doctrine is referred to with approval in Matter of Townsend (39 N. Y. 171, 180) and again very recently in People v. Orange County Road Cons. Co. (175 N. Y. 84, 93).

It is settled in this state, therefore, that a statute which attempts to destroy an existing property right is void.

The statute under which McPike was convicted provides that "Any person, who in any manner, for exhibition or display, shall place or cause to be placed any word, figure, mark, picture, design, drawing or any advertisement, of any nature, upon any flag, standard, color or ensign of the United States or state flag of this state or ensign, * * * or who shall expose to public view, manufacture, sell, expose for sale, give away, or have in possession for sale, or to give away, or for use for any purpose, any article, or substance, being an article of merchandise, or a receptacle of merchandise upon which shall have been printed, painted, attached, or otherwise placed, a representation of any such

flag, standard, color, or ensign, to advertise, call attention to, decorate, mark, or distinguish the article, or substance, on which so placed, * * * shall be deemed guilty of a misdemeanor * * *."

The statute in express terms, therefore, applies as well to articles manufactured and in existence when it was lawful to manufacture them and have them in possession as to those thereafter manufactured or acquired. It attempts, therefore, to destroy existing property rights, and whether the value thereof be much or little the legislature is powerless to effectuate such a result. It follows that so much of the statute as precedes the provision affecting those who "shall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt, either by words or act, upon any such flag, standard, color or ensign," is void.

It was under that portion of the statute which we hold the Constitution prohibits that McPike was convicted, and it follows that the order of the Appellate Division should be affirmed.

GRAY, O'BRIEN, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Order affirmed.