PEOPLE ex rel. HENRY J. DOSCHER, Relator, *v.* HERBERT S. SISSON, State Commissioner of Excise, Respondent.

(Supreme Court, Kings Special Term, August, 1917.)

Constitutional law — unconstitutionality of chapter 521, Laws of 1917 —. statutes.

Certiorari — review of order of state excise commissioner — statutes — injunctions.

A statute (Laws of 1917, chap. 521) empowering the state excise commissioner, with the approval of the governor whenever in his opinion public safety requires and on the application of the mayor of a city, to suspend privileges under liquor tax certificates during the present war in

such parts of the city as are in proximity to camps, barracks or munition factories, and which does not provide for the giving of notice to the parties to be affected and no opportunity to be heard on the question whether the suspension should be ordered, is unconstitutional as a taking of private property without due process of law for a public use without compensation; such statute is also unconstitutional in that it attempts to delegate legislative power.

On certiorari to review an order of the state excise commissioner suspending relator's privileges under his liquor tax certificate procured long before the enactment of said statute and prohibiting him from selling alcoholic beverages then on hand, the state excise commissioner will be enjoined from enforcing such order of suspension pending a decision on the writ.

Application for writ of certiorari.

Celler & Kraushaar, for relator.

Harry D. Sanders, for respondent.

Cropsey, J.   The relator applies for a writ of certiorari to review the action of the commissioner of excise in issuing an order suspending the relator's privileges under his liquor tax certificate and prohibiting him from selling alcoholic beverages.  The order was issued under the provisions of chapter 521 of the Laws of 1917.   That chapter empowered the excise commissioner, with the approval of the governor whenever in his opinion public safety required it and on the application of the mayor, to suspend privileges under liquor tax certificates during the present war in such parts of the city as are in proximity to camps, barracks or munition factories.   The papers show that the mayor of the city of New York applied to the excise commissioner to suspend the privileges under liquor tax certificates in a certain section of the borough of Brooklyn, and that the commissioner made the order in question, which has received the approval of the governor.   The section within which the sale of liquor

is prohibited extends from 100 feet north of Fifty-second street to Sixtieth street and from 100 feet east of Third avenue to New York Bay. The relator conducts a grocery store within the prohibited area and in connection with it had the license to sell liquor to be drunk only off the premises. He does not have the regular saloon license and cannot sell liquor to be drunk on the premises. In connection with making the application for the writ the relator seeks a restraining order preventing the enforcement of the excise commissioner's order pending the hearing and determination on the writ. The constitutionality of the act under which the order was made is assailed, and as it is said to be the first instance in which that statute has been construed the court thought it proper, although the Code does not require it, to have notice given to the excise commissioner. This has been done and his attorney has submitted a memorandum bearing on the constitutionality of the statute under which he has acted. The claim is made that, the act takes property without due process of law and that it takes it for a public use without making compensation. The question is an especially important one. It is important because of the desirability and necessity of upholding, wherever possible, all war measures. On the other hand it is of momentous importance to the relator, for he has a large stock of liquors on hand which he bought on the assumption that he would have the right to sell them under his liquor tax certificate, which he procured last October, long before the act in question became a law. Under the excise commissioner's order he is prohibited from selling this liquor. The order is virtually an absolute prohibition against a sale, for while on its face it merely prohibits the sale within the prescribed territory it, in effect, prohibits him from selling it anywhere, for a sale cannot be made

unless in quantities of five gallons or over without a license (Liquor Tax Law, § 30). All the relator's rights under his liquor tax certificate have been suspended and he is in the same situation as though he had never had a license. While he is thus deprived of the right to sell liquor his competitors, within one block of his place, who are in exactly the same kind of business, are permitted to sell it, as they are outside of the prescribed zone. The effect upon the relator, as the papers show, would be to work a great injury and damage to his business and thus to him. While in a very real sense individuals must in times of war yield to the government, it is still true that the government must proceed lawfully. No emergency justifies an act of lawlessness. So the question is clearly raised whether chapter 521 is constitutional. No attempt will be made to discuss at any length this question. But a brief statement of the reasons which induce this decision should be given. Originally a " license." to sell liquor was a mere privilege. It did not involve any right of property. So it could be revoked or suspended pursuant to legislative authority and the holder of it had no legal ground for redress. *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657; *Kresser* v. *Lyman,* 74 Fed. Repr. 765. But this is not true of the liquor tax certificates issued under the provisions of the Liquor Tax Law which was first enacted in 1896. Under that law certificates are no longer issued as matter of discretion, but are obtainable as matter of right, if the statutory requirements are met. Under that law the liquor tax certificate confers upon its holder a property right which is well recognized. *Matter of Lyman,* 160 N. Y. 96; *Matter of Livingston,* 24 App. Div. 51; *Matter of Lyman (Texter Certificate),* 59 id. 217–220. Such a certificate constitutes a contract with the state. *Matter of Hilliard,*

25 App. Div. 222–225; affd., 155 N. Y. 702. A license or privilege for selling liquor which does not involve or constitute a property right can be revoked or suspended as already shown, and there are many other authorities to that effect. *Stone* v. *Mississippi,* 101 U. S. 814; *Butchers Union Co.* v. *Crescent City Co.,* 111 id. 746; *Mugler* v. *Kansas,* 123 id. 623. On the other hand, where the authorization to sell liquor constitutes a property right it has never been held that it can be taken away, unless proper compensation is made. On the contrary, it has been expressly held that an act passed after the liquor tax certificate had been issued which purported to empower the commissioner to revoke the certificate under certain conditions was invalid. *People ex rel. Loughran* v. *Flynn,* 110 App. Div. 279; affd., 184 N. Y. 579. The only authorities cited by the respondent to sustain the constitutionality of the act are *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657, and *Kresser* v. *Lyman,* 74 Fed. Repr. 765, which we have already cited. In those cases the licenses in question had been issued under the excise laws in force before the adoption of the Liquor Tax Law, and so at a time when the issuance of a license did not carry with it any property right. Consequently they have no bearing on the question that now arises under the Liquor Tax Law. Moreover, the *Barrie* case was referred to in the *Loughran* case. Furthermore, even under the old excise laws it was held that a statute which revoked a license and prohibited its holder from disposing of liquor which he had on hand at the time of the passage of the act was unconstitutional, as it deprived him of his right of property in the liquors on hand. *Wynehamer* v. *People,* 13 N. Y. 378; *State* v. *Walruff,* 26 Fed. Repr. 178; *Kessinger* v. *Hinkhouse,* 27 id. 883; *Bartemeyer* v. *State of Iowa,* 85 U. S. 129–133, 136; *Eberle* v.

*Michigan,* 232 id. 700–706. In the instant case the relator is practically prohibited from disposing of the liquors he had on hand when chapter 521 became a law, and so the above authorities are in point. The case of *Mugler* v. *Kansas,* 123 U. S. 623, already cited, is not in conflict with these other decisions. It is a fact that one of the charges in that case was the selling of liquor which was not on hand after the act was passed, but the decision did not turn on that point, but merely on the power of the legislature to take away the license to sell liquor where no property right was involved in it, and further, the statute in question did provide for the issuance of permits for certain purposes, and the facts show that no such permit had been obtained. Nor are the authorities cited, in conflict with those holding that the fact that the value of property used as a brewery will be depreciated under the prohibition statute does not make such a statute unconstitutional. *Boston Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Mugler* v. *Kansas,* 123 id. 623. That chapter 521 is unconstitutional, in so far as it prohibits the sale of liquors on hand at the time of its enactment, is further shown by the following cases: *People ex rel. Isaacs* v. *Moran,* 206 N. Y. 670, reversing 150 App. Div. 226, on the dissenting opinion; *People ex rel. McPike* v. *Van De Carr,* 178 N. Y. 425; *People* v. *Cohen,* 91 App. Div. 89. In both the *Isaacs* and *McPike* cases just cited *Wynehamer* v. *People,* 13 N. Y. 378, was cited and approved, the court in the *McPike* case saying (p. 428): " It is settled in this state, therefore, that a statute which attempts to destroy an existing property right is void." Chapter 521 further conflicts with the Constitution in that it attempts to delegate legislative power. The legislature can no more delegate its power to repeal a law than it can to enact one, and it must follow that it

cannot delegate its power to suspend the operation of a law, as that in effect is a repeal. This act confers an arbitrary power upon the officials named to " suspend the privileges " under liquor tax certificates already issued, or thereafter to be issued, and to " prohibit the sale of alcoholic beverages " during the whole or a part of the duration of the present war. No rule or regulation is laid down for the guidance of the officials clothed with this power. There is no limitation even upon the exercise of the power. The power granted is absolute. There is nothing to insure any uniformity of action. The officials are left to act as they deem proper. In a word, they are to legislate. Such an act cannot be upheld. *People* v. *Klinck Packing Co.,* 214 N. Y. 121–138, 140. And a statute which makes an arbitrary classification or permits others to do so is invalid. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Gulf, Colorado & Santa Fe R. Co.* v. *Ellis,* 165 id. 150–155. The statute in question does not provide for the giving of any notice to the parties to be affected. It gives them no opportunity to be heard on the question whether the suspension should be ordered. It does not comply with the provisions of the Constitution which provide that there must be due process of law. *Stuart* v. *Palmer,* 74 N. Y. 183; *Ives* v. *South Buffalo R. Co.,* 201 id. 271–293; *Matter of City of New York (Grand Boulevard),* 212 id. 538. The act in question seemingly does not apply to persons holding a so-called second class license, that is, a certificate authorizing the sale of liquor not to be drunk on the premises. The act apparently applies, and was intended to apply, only to the holders of so-called first class licenses, that is, those having certificates authorizing the sale of liquor to be drunk on the premises. The language of the act is quite conclusive on this point. In addition to what has already been pointed out, the act author-

Supreme Court, August, 1917.        [Vol. 101.

izes the officials to " order the closing of places within such limits " in which the sale of liquor has theretofore been authorized. And the act continues, that the excise commissioner " may also prescribe that the sale of alcoholic beverages, if any, within such limits, shall be exclusively to be drunk upon the premises." Those holding so-called second class licenses, such as that held by the relator, have an absolute right to sell the liquor in conjunction with the carrying on of another business. That, in fact, is what the relator has been doing, and what is done by most of the persons holding such certificates. Of course the relator's place cannot be closed. He has the right to conduct his grocery business irrespective of his right to sell liquor; so the provision that authorizes " the closing of places " can be intended to apply only to those having a certificate authorizing the sale of liquor to be drunk on the premises. This is further emphasized by the provision that permits the commissioner to prescribe that the sale of liquor in the places affected " shall be exclusively to be drunk upon the premises." He could not make any such prescription with regard to the relator's place. The relator has no certificate which authorizes such sales, and, in addition, the sale of liquor to be drunk on the premises in connection with the grocery business is expressly prohibited. Liquor Tax Law, § 20. If the act in question applies to any one other than a person having the right to sell liquors to be drunk on the premises, it must apply as well to druggists as to grocers and others. It was respondent who suggested that certiorari was not the proper remedy. While it may not be necessary to decide this question, the following references, at least, give some justification to the form of proceeding followed by the relator. *People ex rel. Loevin* v. *Griffing,* 166 App. Div. 538; *People ex rel. Browdy* v. *McDer-*

*mott,* 169 id. 755; *Matter of Bracket,* 27 Hun, 605; *Matter of Nichols,* 6 Abb. N. C. 474; *Matter of Bradhurst* v. *First Great S. W. Turnpike Rd. Co.,* 16 Johns. 8, 13; *Le Roy* v. *Mayor,* 20 id. 430–438; *People* v. *Board of Assessors,* 39 N. Y. 81–88; *People ex rel. S. & U. H. R. R. Co.* v. *Betts,* 55 id. 600; *People ex rel, Dexter* v. *Mosier,* 56 Hun, 64; Liquor Tax Law, § 27. As chapter 521 of the Laws of 1917 seems clearly to be unconstitutional, the restraining order asked for is granted and the respondent is enjoined from enforcing his order pending the decision on the writ, which is allowed.

Ordered accordingly.