The People of the State of New York ex rel. John J. Fallon, Respondent, *v.* Robert J. Wright, as Commissioner of Correction of the City of New York, Appellant.

1. Veterans — Removal from City Appointive Position — Right to Hearing — Laws of 1892, Chap. 577. The statute (Laws of 1892, chap. 577), which confers upon veterans holding a position by appointment in any city or county, and receiving a salary from such city or county, the right to a hearing before removal is not rendered inapplicable merely because the incumbent may be performing duties of a public character, as distinguished from those merely private, and his acts of negligence or misconduct may not be imputable to the city or county.

2. New York City — Warden of City Prison. Chapter 577, Laws of 1892, applies to a veteran holding the appointive position of warden of the city prison in the city of New York, and entitles him to a hearing before removal by the commissioner of correction of that city.

*People ex rel. Fallon* v. *Wright,* 7 App. Div. 185, affirmed.

(Argued October 5, 1896; decided October 20, 1896.)

Appeal from order of the Appellate Division of the Supreme Court in the first judicial department, entered July 7, 1896, which reversed on certiorari a determination of Robert J. Wright, as commissioner of correction of the city and county of New York, removing the relator, a veteran of the late

war, from the office of warden of the city prison, upon the grounds of incompetency and misconduct, on charges : 1. Violation of rules ; 2. Disobedience of orders and cruel and inhuman treatment of prisoners; and ordered the reinstatement of relator, upon the grounds, first, that as matter of fact none of the charges of incompetency and conduct inconsistent with the relator's position were sustained ; and, second, that even if the charge of cruel and inhuman treatment had been, *prima facie*, made out, it was substantial error, going to the root of the commissioner's judgment, to rule out cross-examination tending to refute such charge, and to show that the prisoner's sufferings, as detailed by him, and by him alone, proceeded from causes other than the discipline to which he had been subjected.

*William L. Turner* for appellant.   The relator being neither a city nor county officer, but an officer of the state, was not entitled to a hearing under the statutes securing to veterans a qualified tenure of office, and the court below, being bound by the allegation in the return of the relator's incompetency and inconsistent conduct, had no jurisdiction to reverse the commissioner's action nor to order reinstatement.   (Laws of 1892, chap. 577; Laws of 1894, chap. 716; *People ex rel.* v. *Morton*, 148 N. Y. 156; Laws of 1888, chap. 119, § 1 ; *McDonald* v. *Mayor, etc.*, 32 N. Y. Supp. 280 ; *Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160; Laws of 1895, chap. 912, § 5; Laws of 1896, chap. 821.)   The reversal by the court below upon the facts as found by the commissioner was so clearly against the preponderance of proof that, assuming its jurisdiction, a question of law is presented upon the record for review by this court.   (Code Civ. Proc. § 2140 ; *People ex rel.* v. *Fire Comrs.*, 106 N. Y. 264; *People ex rel.* v. *Martin*, 142 N. Y. 352; *Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; *In re Harriot*, 145 N. Y. 540 ; *Linkauf* v. *Lombard*, 137 N. Y. 417.)

*Charles J. Patterson* for respondent.   The order of the Appellate Division is not reviewable in this court.   (*People*

*ex rel.* v. *Fire Comrs.*, 106 N. Y. 257; *People ex rel.* v. *French*, 123 N. Y. 636; *People ex rel.* v. *French*, 119 N. Y. 503; *Harris* v. *Burdett*, 73 N. Y. 136; *Pharis* v. *Gere*, 107 N. Y. 231; *People ex rel. Hogan* v. *French*, 119 N. Y. 493.) By chapter 577 of the Laws of 1892 the relator, a veteran, could not be removed except upon cause shown after a hearing had. The nature of the cause, which must be shown to justify his removal, is fixed by chapter 716 of the Laws of 1894. It must be incompetency and conduct inconsistent with the position he holds. The evidence was entirely insufficient to establish that the relator had been guilty of any violation of the prison rules. (*In re Breslin*, 45 Hun, 210; *Delafield* v. *Brady*, 108 N. Y. 529; *People ex rel.* v. *U. Ins. Co.*, 15 Johns. 358; *Jackson* v. *Collins*, 3 Cow. 89; *L. S. & M. S. R. Co.* v. *Roach*, 80 N. Y. 339; Laws of 1882, chap. 410, §§ 385, 1495.) It is very plain that the testimony in the record would not sustain a verdict against the warden, and hence a case is made out under section 2140 of the Code (Subd. 5), which authorizes a reversal where the verdict is against the weight of evidence. (Laws of 1892, chap. 577; Laws of 1894, chap. 716; *People ex rel.* v. *Comrs., etc.*, 106 N. Y. 64.)

O'Brien, J. The relator was the warden of the city prison in New York and was removed from that office by the defendant, the commissioner of correction, after trial, upon charges preferred against him. The Appellate Division has upon certiorari reversed the determination of the commissioner, both upon the law and the facts, and restored the relator to the office. Upon examination of the evidence and proceedings before the commissioner, and of the reasons given by the learned court below for its decision, we think there was no error committed of which the appellant has any right to complain. A careful review of the facts and the law governing the questions will show the decision to have been entirely satisfactory, and we can add nothing to the discussion of the question so thoroughly treated in the opinion. If there were

no other points presented here than apparently were discussed below, we would be entirely satisfied to rest our decision upon the opinion of the learned judge who spoke for the court.

But the counsel for the defendant has urged upon us with much earnestness, as grounds for reversal of the decision below, a point which evidently is presented for the first time upon this appeal. It does not seem to have been presented upon the trial before the commissioner, and so far as we can judge from this record it was not made before the Appellate Division. (7 App. Div. 185.) The commissioner took testimony at length in support of the charges, as well as in the relator's defense, and counsel appeared upon both sides. The removal of the relator was the result of a full trial and investigation, and, as before observed, it was not suggested at any stage of the proceeding that he could be deprived of his office without such a hearing. It is now claimed, however, that the relator was not entitled to a hearing; that the commissioner could have removed him upon such information as to incompetency as he had, however acquired; that the testimony taken was not in pursuance of any law requiring an investigation or hearing, but on the commissioner's own motion and solely for his information with reference to his future action; that the Supreme Court had no right to act upon the testimony, though it was embraced in the return to the certiorari, but was bound by the allegations of the return showing that the removal was for misconduct and incompetency. In the proceedings before the commissioner it was assumed that the relator was entitled to a hearing. All the proceedings were conducted and the determination evidently made upon that theory; and it is by no means clear that the defendant should now be permitted to change his position in that respect. But assuming, without deciding it, that the point is now properly before us, the only question necessary to be considered is the true meaning and construction which should be given to a recent statute applicable to the case, since it must be conceded that if the relator was entitled to a hearing, then all the testimony taken was properly before

the court below, and it had the power to review all the questions of law and fact disclosed by the record. There is no dispute with respect to the fact that the relator was a veteran Union soldier of the late war; and if the office which he held fell within the provisions of chapter 577 of the Laws of 1892, he could not have been removed without a hearing. The contention on the part of the learned counsel for the appellant is that the relator was not a " person holding a position by appointment in any city or county of this state   *   *   *   receiving a salary from such city or county," but a state officer, and thus, though a veteran, not within the provisions of the statute. This position is sought to be sustained upon the authority of *Maxmilian* v. *Mayor*, etc. (62 N. Y. 160). The question in that case was whether a commissioner of charities and corrections in and for the city and county of New York was such an officer, servant or agent of the municipality that it became liable for his negligent acts. It is no doubt true that in this case the warden of the city prison was not such an agent or servant of the municipality as would render the latter liable for his acts of negligence or misconduct. That is true of many local officers who are engaged in the performance of a public duty in which the city has no pecuniary or private interest. All officers, whether general or local, are created by state authority, and it may be difficult to classify them as distinctly state officers on the one hand, or city and county officers on the other. The sheriff, keeper of the jail and the police force, though created and organized under the authority of the state, are generally classed as local officers, and in some respects it may be said that they perform duties of a public character. The same legislature that passed the act securing to veterans the right to a hearing before removal from office, passed chapter 681 of the Laws of 1892, which attempted to classify officers, and defined state and local officers. Under the classification there indicated the relator is not a state officer, but a county or city officer. The question here is, whether within the meaning of the statute, securing to veteran soldiers the right

to a hearing, the relator is a " person holding a position by appointment in any city or county of this state, receiving a salary from such city or county," and we think he is.  He was appointed by local authority.  His salary or compensation is paid by the municipality, and his duties as keeper of the prison are limited exclusively to the city and county in which it was located.  He held a position by appointment in the city and county of New York, and was, therefore, within the purpose and the general policy of the statute.  It does not follow that because his acts of negligence or misconduct are not to be imputed to the city and county that he is not within the purview of the statute.  The purpose of the statute evidently was to restrain the local appointing authority from arbitrarily removing veteran soldiers without cause, and without a hearing, and the circumstance that the incumbent may be performing duties of a public character, as distinguished from those merely private, cannot affect the construction which should be given to the law.  The intention of the legislature evidently was to secure to veteran soldiers holding such positions as the relator held the benefit of a hearing, and to protect them from arbitrary removals without cause.

We think that the case was correctly disposed of in the court below, and that the order and judgment appealed from should be affirmed, with costs.

All concur.

Order and judgment affirmed.