(59 App. Div. 314.)

PEOPLE ex rel. GRAVELINE v. HAM, Public Safety Com'r.

(Supreme Court, Appellate Division, Third Department. March 8, 1901.)

1. MUNICIPAL CORPORATIONS—CHARTER—POLICE—REMOVAL.

Relator was removed from the office of police surgeon of the city of Albany by the commissioner of public safety, after a hearing on charges of having failed to file monthly reports, or to perform professional services required by the police rules. The city charter provided that, if a charge was made against any member of the police force of misconduct in office, or neglect of duty, the commissioner should hear, try, and determine the charges, and, if the officer was found guilty, might dismiss him from the police force, and that the decision of the commissioner should be final and conclusive, and not subject to review by any court; also that, subject to such power of removal, all members of the police force should hold their offices during good behavior, or until by age or disease they became incapacitated. *Held*, that the neglect of duty charged was sufficient to give the commissioner jurisdiction, and bring the case under the provision that his decision should be final, and not subject to review by the courts.

2. SAME—CONSTITUTIONAL LAW.

Albany city charter provided that, subject to the power of removal therein provided, members of the police force should hold their offices during good behavior, or until incapacitated by age or disease; also that, if a charge of misconduct or neglect of duty was made against any member, the commissioner of public safety should hear and determine the charge, and, if the officer was found guilty, might remove him, and that the decision of the commissioner should be final, and not subject to review by any court. Relator was removed from the office of police surgeon by the commissioner after trial on charges of neglect of duty. *Held*, under Const. art. 10, § 3, providing that, when the duration of any office is not provided by the constitution, it may be declared by law, and, if not so declared, such office shall be held during the pleasure of the authority making the appointment, the provision of the charter that the decision of the commissioner should not be subject to review was not in conflict with Const. art. 6, § 1, providing that the supreme court should have general jurisdiction in law and equity, since the charter might have given the right to remove at the pleasure of the commissioner.

Parker, P. J., dissenting.

Certiorari by the people, on the relation of L. C. B. Graveline, against Fred C. Ham, commissioner of public safety of the city of Albany, to review the determination of the defendant in removing relator from the office of police surgeon. Dismissed.

Upon the 17th day of February, 1900, the relator was the duly appointed and acting police surgeon of the city of Albany. Upon that day charges of violations of the rules of the police department, with specifications preferred by the chief of police, were served upon the relator, with the notice that hearing would be had upon the 23d of February, 1900. These charges were, in substance: First, for misconduct in office in violating the rule and regulation of the police department of the city of Albany which provides that no compensation other than the pay allowed by law shall be made to the police surgeon. Under this charge were four specifications of instances where the relator had made charges against members of the force for services which it is claimed

it was his duty to perform without compensation as police surgeon, and one where money had been actually collected from a member of the force for such services. The second charge was for misconduct in office in violating a rule and regulation of the police department which required the police surgeon to perform such professional duties as may be directed by the chief of police to members of the force. Two instances were specified of failure on the part of the relator to perform such services for members of the police force. The third charge was for a violation of another rule and regulation which requires the surgeon to file with the clerk of the board once in each month reports of the names of the policemen who have received professional attention from him, and stating the number of days they had been ill, and unable to do duty, and the nature of the illness, and whether contracted in the service of the department. The relator received an annual salary of $500. He served an unverified answer to the charges and specifications made by the chief of police, denying the same, and setting up some other matters. Upon the 26th day of February the relator was tried by the defendant upon these charges, and upon the 5th day of March, 1900, the defendant rendered a decision sustaining the charges and dismissing the relator from the force. A writ of certiorari to review such decision was thereafter granted returnable to this court.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

James J. Farren, for relator.
Arthur L. Andrews, for defendant.

SMITH, J. The relator's right to this writ is at once challenged. By section 180 of the charter of cities of the second class it is provided:

"All members of the police force subject to the power of removal hereinafter specified shall hold their respective offices during good behavior or until by age or disease they become permanently incapacitated to discharge their duties."

Section 184 then provides:

"If a charge be made by any person against any member of the police force that he is incompetent or has been guilty of neglect of duty, misconduct in his office, or of conduct unbecoming a police officer, the charge must be in writing in the form required by the rules of the police department and a copy thereof must be served upon the police officer. It is then the duty of the commissioner to hear, try and determine the charges according to the rules of the police department. * * * If the police officer shall be found guilty of the charge made against him, the commissioner may * * * dismiss him from the police force. * * * The decision of the commissioner shall be final and conclusive and not subject to review by any court." .

The relator contends: First, that the provision of the statute making the determination final, and denying the right of review, does not apply; secondly, that, if such provision were intended to apply to this determination, it assumes to create an unconstitutional limitation upon the power of the court. In support of his first contention the relator argues that the charges are not such as, if proven, will authorize his dismissal, and that the denial in the statute of the right of review refers only to the review of a determination made upon charges contemplated by the charter as grounds for his dismissal. That the defendant had jurisdiction to try the charges cannot be questioned. They were charges of violations of the rules of the department. Among those charges was one for failure to file certain month-

ly reports. It was practically admitted upon the argument that the relator had violated this rule of the department. It is urged in his behalf that this rule had never been complied with by any former police surgeon. This fact, however, could be urged only in extenuation of the relator's neglect. It could not support a denial of the charge made. He was further charged with neglecting to perform professional services as directed by the chief of police. Sufficient evidence was given upon such charge to make out a prima facie case against him, one sufficient in the absence of any denial or explanation on his part. The defendant was thus clothed with jurisdiction by the charges preferred. His determination, based at least upon some evidence in support of the charges made, is the determination contemplated by the statute, and is final, unless that provision of the statute which assumes to make that decision conclusive is violative of some constitutional provision. By section 1 of article 6 of the New York state constitution it is provided:

"The supreme court is continued with general jurisdiction in law and equity subject to such appellate jurisdiction of the court of appeals as now is or may be prescribed by law, not inconsistent with this article."

Substantially the same provision was contained in section 6 of article 6 of the constitution of 1846, as amended in 1869. The argument of the relator is that the determination of the commissioner was a judicial determination, the right to review which by the writ of certiorari was a natural and inherent right existing at the common law, in which he is protected by the constitutional provision above quoted. The first question for consideration, then, is as to the nature of this determination. Was it a judicial determination in which was adjudicated any legal right of the relator? By section 3 of article 10 of the constitution it is provided:

"When the duration of any office is not provided by the constitution it may be declared by law, and if not so declared such office shall be held during the pleasure of the authority making the appointment."

The office of police surgeon is clearly not a constitutional office. It is one created by statute, within statutory limitation and control. The right of the legislature to make the relator's office determinable at the pleasure of the defendant is not questioned. In this unquestioned right is involved, of necessity, the further right to make that office determinable upon any other condition which to the legislature may seem wise. The effect of the provision in the statute making the decision of the commissioner final is to make the relator's office determinable when, in the judgment of the commissioner, the relator has violated some rule of the department. The right to the office was not given to the relator while he should conform to the rules of the department, but only while in the judgment of the commissioner of public safety he should so conform. His right to office has not been conditioned upon a legal conviction upon sufficient evidence of the charges preferred, but upon the judgment of the commissioner that such charges were sufficiently proven. His right, then, to the office, is not the unqualified right conferred by statute upon the police commissioner in the case of People v. Nichols, 79 N. Y. 582, but a qualified right,—one depending upon the judgment of the commission-

er of public safety. It follows, then, that the trial or investigation before such commissioner was not a judicial investigation, but an investigation required to satisfy the conscience of the commissioner only. The investigation or trial is thus characterized by the finality given to the decision therein made. The statutory declaration that such a decision shall not be reviewed by any court made the determination of the defendant the sole condition of relator's right to office, whether or not that determination rests upon evidence which in a court of law might be deemed sufficient to sustain the charges made. A determination made upon a trial of this nature presents no question for review upon a writ of certiorari. In this view of the case it becomes unnecessary to consider the constitutional authority of the legislature to take from the court any power it might otherwise have to review a judicial determination of a municipal officer. Upon this question we express no opinion. The writ should be quashed.

Writ of certiorari dismissed, with $10 costs and disbursements. All concur, except PARKER, P. J., dissenting.