(98 App. Div. 581)

**PEOPLE ex rel. COUGHLIN v. WEBSTER, Com'r of Public Safety of City of Troy.**

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. POLICE OFFICERS—TRIAL BY COMMISSIONER—POSTPONEMENT—REVIEW.

Though the determination of the commissioner of public safety of a city on charges against a police officer is not reviewable, his refusal to postpone the trial on sufficient cause shown is reviewable.

2. SAME—SHOWING FOR POSTPONEMENT.

It is no ground for postponement of the trial of a police officer on charges for his removal that on the morning for his trial he has a half degree elevation of temperature.

3. WITNESS—DISCREDITING.

On certiorari to review the refusal of the commissioner of public safety of a city to postpone the trial of a police officer on charges for removal, relator may not question the good faith and fairness of the physician called and offered by him to prove his cause for postponement, on the ground that he was an appointee of the commissioner.

4. SAME—FACTS NOT IN EVIDENCE.

On review of the refusal of a commissioner to postpone a trial, the fact that relator has in fact been sick may not be considered; evidence thereof not having been given before the commissioner.

Certiorari, on the relation of William Coughlin, to Charles I. Webster, commissioner of public safety of the city of Troy, to review his decision in the dismissal of relator as chief of police of the city. Determination confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Thomas S. Fagan, for appellant.

John T. Norton, for respondent.

SMITH, J. Upon the 30th day of January, 1904, written charges, duly verified, were presented to the respondent, Webster, against the relator. Upon the 2d day of February relator filed his answer to those charges, and the 3d day of February was the date appointed for his trial. Upon that day counsel for relator appeared and asked for an adjournment of the trial by reason of relator's sickness. In support

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 504.

of his request he called to the stand Dr. John J. English, a physician of the city of Troy, who had been called to see the relator about 8 o'clock that morning. Dr. English swore, in substance, that the relator stated that he had been taken sick that morning, and had become weak, and had a smothering sensation around the heart; that he examined the heart, and found it in a normal condition, his pulse perfectly regular, and a slight elevation of temperature—probably half a degree—and that was all he could find; that there was no organic trouble of the heart. He was asked whether the condition of the relator was such upon that morning that it would be unsafe for him to appear in court. He answered:

"Well, a man runs a risk sometimes in going out in the open air even though his temperature is slight, in weather like this. Q. Would it be safe for him to be here this morning, in your opinion? A. Well, I think he might be able to do so. Q. Without any apparent risk to his health? A. I couldn't give a positive answer to that."

Upon this evidence the relator's counsel insisted upon a postponement of the trial, which the commissioner refused. This ruling of the commissioner refusing to postpone the trial is the main ground of challenge to this determination.

It is first answered by respondent that, inasmuch as the determination of the commissioner cannot be reviewed by the courts, the refusal to postpone the trial was a part of that determination, and therefore was not before the court for review. Such a holding, however, would, we think, be unauthorized. In Graveline v. Ham, 59 App. Div. 314, 69 N. Y. Supp. 283, this court has held that the determination of the commissioner upon the charges made was not the subject of review in court, and that the trial made necessary by the statute was to enlighten the conscience of the commissioner, and not a judicial proceeding. Under this interpretation of the statute, the court cannot be too strict in holding that an accused party is entitled to a fair trial, and a failure to postpone the trial upon sufficient cause shown would be such a violation of his rights as would be the subject of review by the court.

The testimony of the physician, however, makes no case for postponement. If a party's physician should be brought into court upon an application to postpone the trial of an action, such testimony as was here given would never be held sufficient ground for postponing the trial. An officer about to be tried for dismissal from office upon charges made might easily suffer a rise of temperature of half a degree after a sleepless night, and, if such a fact be sufficient to require a postponement of the trial, it might require an endless number of postponements. It is now sought by the relator's attorney to throw suspicion upon the testimony of this physician on the ground that he was an appointee of the respondent. But he was the physician called by the relator, and offered by the relator to prove his cause for postponement. Well-settled rules of law preclude him now from questioning the good faith and fairness of his witness. The fact that the relator was in fact sick, and was confined to his house for some time thereafter, cannot affect the review of a decision which must have been made upon the evidence then before the commissioner. Moreover, in the affidavit of John W. Morris, presented upon the application for this writ, it appears

that he was a practicing physician, and was called to the house of the relator at 10 o'clock in the forenoon of the 3d day of February—the day upon which the trial was had. If the relator had in good faith desired a postponement of the trial, and was at that time in fact unable to attend the trial, this physician might have been called in to make proof before the commissioner of the relator's inability to attend at any time during the morning session of the court, or at least immediately after the noon recess. If, upon proper proof having been made, the commissioner had then refused to postpone the trial, this court would be alert to see that the relator should have a fair chance of presenting before the commissioner such proof as he might have to offer upon the charges preferred. We are satisfied upon the evidence that was before the commissioner that he was fully justified in refusing to postpone the trial of the charges against the relator.

Another ground of complaint urged by the relator's attorney is that the trial was closed before he had full opportunity to be heard. and to offer his evidence. An examination of the record discloses no refusal of the commissioner to give to the relator a full and fair hearing. The trial before the commissioner appears to have been characterized on his part with judicial temper and judicial fairness. After having given the relator's counsel a full opportunity to present the relator's case to the court, he was not required to sit silently by to listen to remarks of counsel which were entirely without warrant in his province as attorney, and, to say the least, were most unprofessional. If the relator had a defense to offer, his attorney should have presented such defense when opportunity therefor was given him. His failure to present the same was through no fault of the commissioner.

We have examined fully the record in this case, and we find no errors which call for a reversal of the determination made.

Determination unanimously confirmed, with $50 costs and disbursements. All concur; CHESTER, J., in result.