## In re REDDY.

(Supreme Court, Appellate Division, Second Department. January 5, 1912.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICE—REMOVAL—DENIAL OF POSTPONEMENT OF HEARING—REVIEW.

The propriety, under the circumstances, of the board of trustees of a village proceeding forthwith with the hearing of a charge against a policeman, in effect denying a postponement, may be considered on certiorari to review the determination of the board, which found against and discharged him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

2. MUNICIPAL CORPORATIONS (§ 185*) — POLICE — REMOVAL — REVIEW — FACTS NOT IN EVIDENCE.

In determining, on certiorari, the propriety of the denial of a postponement of a hearing by village trustees of a charge against a policeman, an affidavit of a physician, presented for the first time on application for the writ, that he found relator sick, and told him it was unsafe to go to the meeting, and promised to write and send a certificate to the trustees, but forgot to do so, may not be considered.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

3. MUNICIPAL CORPORATIONS (§ 185*)—POLICE—REMOVAL—POSTPONEMENT OF HEARING.

A policeman, served with notice only a little more than 24 hours before a hearing by the village trustees of a charge against him, having notified them that, under the advice of his doctor, he could not appear at such time, and expressed the hope that it would be satisfactory, which was tantamount to a request for adjournment, and none of them having expressed a disbelief of his statement, and his father having telephoned them, before any witness was called, that he was too ill to appear, and that a certificate of a doctor would be presented, the board should have granted a reasonable adjournment.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

4. MUNICIPAL CORPORATIONS (§ 185*)—POLICE—REMOVAL—NOTICE OF HEARING.

The provision of Ossining Village Charter (Laws 1906, c. 242) § 131, that a policeman shall not be discharged, except for cause shown, based on charges preferred in writing and after a hearing, implies a reasonable notice, not satisfied by a notice of only a little over 24 hours, when the officer is sick.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

5. MUNICIPAL CORPORATIONS (§ 185*)—POLICE—REMOVAL—INTOXICATION.

Circumstances may be shown under which intoxication of a policeman when in uniform and on duty should not be regarded as an offense, for which he may be discharged.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 492–509; Dec. Dig. § 185.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari on the relation of James P. Reddy to review a determination of the President and Trustees of the Village of Ossining. Determination annulled, and proceedings remitted for a new trial.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Edgar L. Ryder, for relator.

T. George Barnes, for respondents.

JENKS, P. J. The relator, a policeman of the village of Ossining, was charged with intoxication when in uniform and on duty on February 5, 1911. The charge was preferred by the chief of police on February 7th. The relator was served with notice of hearing by the trustees of the village on February 9th at 3:30, for February 10 at 8 p. m., and on the date last named he was dismissed from the force. At the hearing he neither appeared nor was represented by counsel. At the opening of the meeting of the trustees on February 10th, one of their number produced and read a communication in writing "just handed" to him by the chief of police, subscribed by the relator and addressed to the "police committee," wherein he wrote that under the advice of his doctor he was unable to appear that evening and expressed the hope that it "will be satisfactory to your committee." The said trustee stated that he did not see how they could accept the note, as it should have been accompanied by a doctor's certificate, and expressed the opinion that they should proceed. Thereupon they called certain witnesses, and at the close of their examination, after inquiry from the president whether there was any one who desired to testify for the relator, without response, followed by inquiry whether the corporation counsel had anything "to add," and after response that the counsel had nothing to add, the board forthwith unanimously passed the resolve of dismissal.

[1-3] We think that there was too short a shift under the circumstances. The relator, served but little more than 24 hours before the hearing with notice thereof, notified the trustees that under the advice of his doctor he could not appear that evening, and expressed the hope that it would be satisfactory, which was tantamount to the request for an adjournment. No member of the board expressed any disbelief of the truth of the statement. Moreover, before the witnesses were called, one of the trustees stated that he had received a telephone message from the relator's father, Trustee Reddy, that the relator was too ill to appear, and that a certificate of a doctor would be presented. The conduct of the board in proceeding forthwith, which was tantamount to a denial of a postponement, and the propriety of this act, under the circumstances, may be considered. People ex rel. Coughlin v. Webster, 98 App. Div. 581, 90 N. Y. Supp. 723. In reviewing that course, we cannot consider the affidavit of the physician presented on the application for the writ, whereby it appears that this physician found the relator ill with the grippe on February 10th, forbade him to go to the meeting as it was unsafe, told him to write to the trustees, promised to send a certificate, and forgot to do so. People ex rel. Miller v. Wurster, 149 N. Y. 549,

44 N. E. 298. But we think that the board under the circumstances should have granted a reasonable adjournment.

[4] Moreover, section 131 of the Village Charter (chapter 242 of the Laws of 1906) prescribes that the relator "shall not be removed therefrom except for cause shown, based upon charges preferred in writing and after a hearing." While there is no express direction as to notice, the provision quoted of course implies a reasonable notice. We think under the circumstances that the time afforded was hardly reasonable.

[5] Even if the evidence established that the relator was in the physical and mental condition charged, yet evidence might be forthcoming that such condition should not be regarded as an offense. People ex rel. Hogan v. French, 119 N. Y. 493, 23 N. E. 1058.

Without expression upon the probative force of the testimony adduced, we think that the determination should be annulled, and the proceedings remitted for a new trial before the trustees; costs to abide the event. All concur.