(166 App. Div. 538)

PEOPLE ex rel. LOEVIN et al. v. GRIFFING, Mayor.

(Supreme Court, Appellate Division, Second Department.  March 12, 1915.)

1. MUNICIPAL CORPORATIONS ☞191—OFFICERS—REMOVAL—BOARD OF HEALTH —CERTIORARI.

Under Code Civ. Proc. § 2120, providing that certiorari may issue to review the determination of a body or officer when the right to the writ is expressly conferred, or the issue thereof expressly authorized by statute, and where it might be issued at common law by a court of general jurisdiction, and the right to the writ or the power of the court to issue it has not been expressly taken away by a statute, the Supreme Court may issue certiorari to review the removal of members of the board of health of the city of New Rochelle, by the mayor, acting under its charter (Laws 1910, c. 559, § 33).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 525–529; Dec. Dig. ☞191.]

2. CERTIORARI ☞25—ACTS REVIEWABLE—"EXECUTIVE ACT."

Where a statute makes no provision for a hearing, but confers the power of removal of officers subject to no limitations, except the require-

ment that the reasons therefor be stated in writing and filed, and an op-portunity for explanation given, the removal is an "executive act," and not reviewable by certiorari.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 38; Dec. Dig. ☞25.]

3. MUNICIPAL CORPORATIONS ☞159—REMOVAL OF OFFICERS—REVIEW—"JU-DICIAL PROCEEDING."

New Rochelle charter (Laws 1910, c. 559) § 33, providing that the mayor may remove any appointive officer by serving written charges on him and giving him a hearing, at which all the testimony in the matter shall be taken under oath and reduced to writing, and that if in the mayor's judg-ment the testimony is sufficient he may remove the officer and file all the evidence, together with his signed reasons for removal, with the city clerk, imports written charges specifically alleging substantial cause for. removal, reasonable notice of the hearing, permission to cross-examine witnesses called to sustain the charges, and opportunity to be heard and produce witnesses in defense, and a just judgment, excluding capricious or arbitrary action, and requiring it to be based upon substantial cause, and is a "judicial proceeding," subject to review by the Supreme Court by certiorari.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. ☞159.

For other definitions, see Words and Phrases, First and Second Series, Judicial Proceeding.]

4. MUNICIPAL CORPORATIONS ☞159—OFFICERS—REMOVAL—RIGHT TO HEAR-ING.

Under such charter, the service of written charges on relators on June 11th at 8 p. m., fixing a hearing for the following day at 8 p. m., and a determination of removal made on that day, and the filing of written rea-sons on the following morning denying an adjournment to procure wit-nesses, for whom subpoenas could not be issued on the 12th, denied to relators the right to present their defense, supported by witnesses whose attendance they might have a reasonable time to procure by compulsory process, so that the court, on review, could determine whether substantial cause for removal had been shown, for which reason the order of removal would be annulled.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 350–356; Dec. Dig. ☞159.]

Certiorari by the People, on the relation of Leopold Loevin and another, to review a determination of Edward Stetson Griffing, as Mayor of the City of New Rochelle, removing relators from their positions as Health Commissioners. Determination annulled, and new trial directed.

See, also, 164 App. Div. 529, 150 N. Y. Supp. 209.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-TON, and RICH, JJ.

Walter G. C. Otto, of New Rochelle, for relators.

Edward W. Davidson, of New Rochelle, for respondent.

STAPLETON, J. The relators were commissioners, members of the board of health of the city of New Rochelle. They were appointed by the mayor for fixed terms and served without compensation. Chap-ter 559, art. 26, Laws of 1910. The power of removal from the offices held by them is controlled by section 33 of the law cited. It reads:

"Except as otherwise provided in this act for the board of education, the mayor may remove any appointive officer in the following manner: The mayor

shall serve written charges upon the officer and shall give him a hearing at which all the testimony in the matter shall be taken under oath and reduced to writing. If in the judgment of the mayor such testimony is sufficient to warrant the removal of the officer, the mayor may remove the officer and shall file all the evidence together with his written detailed reasons for the removal, signed by him, in the office of the city clerk."

The relators were removed by his honor, the mayor, purporting to act in obedience to the law. They applied for a writ of certiorari, which was issued. A return was made, and the proceeding is here to be heard.

[1] The primary question presented for determination is whether this is a case where the writ may issue. It is conceded that the right to the writ is not expressly conferred, and that the issuance thereof is not expressly authorized by a statute. The only other assumption upon which it can be issued is if it were issuable at common law; and it is also conceded that, if the right to issue it existed at common law, the power of the court to exercise that right is not expressly taken away by statute. Code of Civil Procedure, § 2120; Matter of Fitch, 147 N. Y. 334, 41 N. E. 699; People ex rel. Mayor v. Nichols, 79 N. Y. 582, 588.

[2] If, under the statute quoted, the act of removal is solely an executive act, it is unreviewable. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 47, 59 N. E. 701. If it is judicial in its character, it "is subject to review by a writ of certiorari issued by the Supreme Court in the exercise of its superintending power over inferior tribunals and persons exercising judicial functions." People ex rel. The Mayor v. Nichols, supra. Where a statute makes no provision for a hearing, but confers the power of removal, subject to no limitation, except the requirement that the reasons therefor be stated in writing and filed, and an opportunity for explanation given, the act of removal is executive. People ex rel. Kennedy v. Brady, supra. Similar determinations were made where the mayor of a city was authorized to remove a police commissioner "for any cause deemed sufficient to himself," and where no hearing was provided by express language (People ex rel. Gere v. Whitlock, 92 N. Y. 191, 198), and in a case where the statute reads:

"If a charge be made by any person against any member of the police force that he is incompetent or has been guilty of neglect of duty, misconduct in his office, or of conduct unbecoming a police officer, the charge must be put in writing in the form required by the rules of the police department and a copy thereof must be served upon the accused officer. It is then the duty of the commissioner to hear, try and determine the charge according to the rules of the police department. * * * If the accused officer shall be found guilty of the charge made against him, the commissioner may * * * dismiss him from the police force. * * * The decision of the commissioner shall be final and conclusive and not subject to review by any court." People ex rel. Graveline v. Ham, 59 App. Div. 314, 69 N. Y. Supp. 683; People ex rel. Miller v. Peck, 73 App. Div. 89, 76 N. Y. Supp. 328.

[3] Where a statute requires, before removal, as it does in this case, written charges, a hearing thereof, sworn testimony reduced to writing, and judgment as to the sufficiency of the testimony to warrant removal, provision is made for a proceeding judicial in character.

People ex rel. Weston v. McClave, 123 N. Y. 512; People ex rel. Mayor v. Nichols, supra. In People ex rel. Hayes v. Waldo, 212 N. Y. 156, 170, 105 N. E. 961, 966, the court said:

"When by statute or by implication of law the power of removal can only be exercised for cause or after a hearing the proceeding, although an exercise of an administrative power is judicial in its nature, and as a necessary consequence it is subject to review by certiorari."

Such provision for a hearing imports written charges specifically alleging substantial cause for removal, reasonable notice of the hearing, permission to cross-examine witnesses called to sustain the charges, an opportunity to be heard and to produce witnesses in defense, and a just judgment. People ex rel. Mayor v. Nichols, supra; Matter of Reddy, 148 App. Div. 725, 727, 132 N. Y. Supp. 937.

The defendant asserts that, in the statutes heretofore considered in decisions pronouncing removal proceedings judicial in character, the words "for cause," or some words of similar import, appeared, and that the omission of such words from this statute is significant, and fatal to the contention of the relator. We disagree with him. To agree with him would render meaningless the requirement that written charges be preferred and that a hearing be conducted with prescribed judicial incidents. Some of the citations we have made show that when the Legislature intended to provide for a hearing simply to enlighten the judgment and satisfy the conscience of the removing power it clearly manifested its design, and when it wished to leave the power of removal untrammeled by a proceeding for judicial review it was not less happy in lucidity of expression.

The mayor has not unlimited discretion, without the guidance of evidence or law. He cannot act capriciously or arbitrarily. He must act in accordance with the established practice in such hearings. His judgment must be based upon sufficient evidence of the existence of some actual and substantial cause for removal from public office. We conclude that the statute accorded the relators the right of a judicial hearing and that the determination of the mayor is subject to review.

[4] The remaining question is: Should the determination be confirmed? The relators were charged with conducting the hearing of charges against the health officer of the city in an inefficient and improper manner, rendering the proceedings a farce and tending to bring ridicule and reproach upon the city government. They were specifically charged with permitting the counsel for the accused to travesty the proceedings by boisterous and flippant conduct, and to insult, during its course, one of the commissioners and the mayor himself, who was present as a witness, by addressing them opprobriously.

The relators were authorized to remove the health officer for cause. Chapter 559, § 385, Laws 1910. They were examining charges against him when the offense with which they were charged was committed. Assuming, without deciding, that a cause for removal from office was stated in the written charges, the relators, nevertheless, were entitled to a reasonable opportunity to be heard and to a reasonable time within which to produce witnesses in their defense.

The written charges were served on the accused on the 11th day of June, 1914, at 8 o'clock p. m. The hearing was fixed for the 12th of June, 1914, at 8 o'clock p. m. The determination to remove was made on the same day, and the written detailed reasons were filed in the city clerk's office the following morning. The relators asked for an adjournment to procure witnesses. They sought subpœnas. The mayor was not in the city during the greater part of the day of June 12th, and subpœnas could not be issued. The mayor, misapprehending the nature of the proceeding, proclaiming it to be a matter of good business and good government, and announcing that witnesses could not change matters within his own knowledge, denied the application, proceeded with the hearing, and removed the relators.

We think the accused were entitled to present their defense, and support it by witnesses whose attendance they should have had a reasonable time to procure by compulsory process, if necessary, so that the court, on review, could determine whether substantial cause for removal had been legitimately proved. See Matter of Reddy, supra.

The determination is annulled, and a new hearing directed, with $50 costs to the relators to abide the event. All concur.