PEOPLE ex rel. BROWDY v. McDERMOTT, Superintendent of Buildings.

(Supreme Court, Appellate Division, Second Department.   October 22, 1915.)

1. CERTIORARI ⬥⟞21—DECISION REVIEWABLE—JUDICIAL NATURE—CANCELLATION OF MASTER PLUMBER'S REGISTRATION.

A hearing under Greater New York Charter (Laws 1901, c. 466) § 415, as amended by Laws 1913, c. 754, providing for cancellation of master plumber's registration by the superintendent of buildings upon hearing in certain cases, upon a written complaint charging unlawful conduct against a master plumber, at which evidence was introduced, the parties represented by counsel, and a decision rendered, sustaining the charge and

canceling the registration, was judicial, and not merely administrative, in its nature, and subject to review by certiorari.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 33, 34; Dec. Dig. ☞21.]

2. EVIDENCE ☞47—PLUMBING AND DRAINAGE—RULES—JUDICIAL NOTICE.

Where, by statute, rules and regulations for the plumbing or drainage of a city are authorized, but no rules expressly created by statute, the courts, as in cases of municipal ordinances and cognate regulations, will not take judicial notice of the existence or provisions of rules instituted under such authority.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 69; Dec. Dig. ☞47.]

3. LICENSES ☞38—MASTER PLUMBERS—REGISTRATION—REVOCATION.

The provision of Greater New York Charter (Laws 1901, c. 466) § 415, as amended by Laws 1913, c. 754, making it the duty of the superintendent of buildings to enforce the provisions of "the next succeeding section," does not empower him to cancel the registration of a master plumber for using a permit for the benefit of an unregistered person, in violation of the express provisions of section 416, subd. "c"; his duty being confined to the institution of criminal proceedings against violators thereof, as part of the penalty for which the registration would be automatically revoked.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 74, 75; Dec. Dig. ☞38.]

Certiorari by Joseph Browdy to review the cancellation of his registration as a master plumber by William J. McDermott, as Superintendent of Buildings of the Borough of Richmond. Cancellation vacated.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Frank H. Innes, of New Brighton, for relator.

George A. Green, of Brooklyn (Thomas F. Magner, of Brooklyn, on the brief), for respondent.

CARR, J. [1] The relator, a duly qualified and registered master plumber in the borough of Richmond, ·city of New York, seeks to review, by a writ of certiorari, the action of the superintendent of buildings in that borough in canceling the relator's registration. By section 415 of the Greater New York Charter, as amended by chapter 754 of the Laws of 1913, it is provided in part as follows:

"Such registration may be canceled by the superintendent of buildings for a violation of the rules and regulations for the plumbing or drainage of such city duly adopted, or in force pursuant to the provisions of this section, or whenever the person so registered ceases to hold a certificate from the examining board of plumbers or to be actually engaged in the business of master or employing plumber, after a hearing had before said superintendent, upon prior notice of not less than ten days."

A written complaint was made to the superintendent of buildings against the relator, charging unlawful conduct. A copy of the charge and a notice of hearing were served upon the relator. A hearing was had, witnesses were sworn and cross-examined, the relator and the complainant appeared by counsel, and the superintendent of buildings

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

filed a written decision sustaining the charges against the relator and canceling his registration. After the issuance of a writ of certiorari, the superintendent made a return of all the proceedings had before him, including the testimony of the witnesses and certain documentary evidence received at the hearing. The respondent now contends that this statutory hearing was not judicial in its nature, and his acts were merely administrative, and are not subject to judicial review by certiorari. There is much discussion of this point in the respective briefs on this appeal. The respondent conducted the proceeding before him as if it were, in law, a judicial proceeding. We think he did so rightly, for, in our opinion, the hearing under section 415, as aforesaid, was judicial in its nature, and subject to review by certiorari. People ex rel. Loevin v. Griffing, etc., 166 App. Div. 538, 152 N. Y. Supp. 113; People ex rel. Fallon v. Wright, 150 N. Y. 444, 44 N. E. 1036.

[2] The charge against the relator in this proceeding made no reference to a violation of "the rules and regulations for the plumbing or drainage," referred to in section 415, above quoted. No "rules" or "regulations" were produced at the hearing, and none are set forth in the return to the writ of certiorari. There was no charge that the relator had ceased to do business as a master plumber, or that he had ceased to hold a certificate from the examining board of plumbers, as specified in section 415, as aforesaid. Apparently, the superintendent of buildings was proceeding upon the theory that the relator had violated the "rules and regulations for the plumbing or drainage"; if so, then it was necessary to produce these "rules and regulations" in evidence, and to make return of them, at least in their material portions, to the writ of certiorari. The "rules" were authorized by statute, but were not created by statute expressly. Like municipal ordinances, and regulations of a cognate nature, the courts do not take judicial notice of their existence or provisions. Hence the proceedings, if depending upon a violation of the rules, are defective, fatally, through the failure to prove the rules which are charged to have been violated.

[3] It is evident, however, that the superintendent was proceeding upon another and distinct theory of his powers. Section 415 aforesaid contained several provisions on the subject-matter of master plumbers, and it provided expressly that it should be the duty of the superintendent of buildings to enforce these provisions, as well as those of "the next succeeding section"; i. e., section 416 of the Charter. That section contains a subdivision (a) making it unlawful for any person to carry on the business of an employing or master plumber unless he is registered in the manner provided in section 415. This subdivision is not material to this inquiry. Then there is a further subdivision (c), which is material here, and which provides as follows:

"No person registered as provided in the preceding section, or who holds a certificate from the examining board of plumbers, shall, for the benefit of any person engaged in the plumbing business who is not so registered, apply for, receive or make use of, any permit granted to him by reason of being so registered, or holding such certificate from the examining board of plumbers."

A penalty is provided for a violation of this prohibition by a fine "not exceeding two hundred and fifty dollars, or by imprisonment for a term not exceeding three months, or by both," and in addition shall "forfeit any certificate of the examining board of plumbers or any certificate of registration he may hold at the time of such conviction." Section 416, subd. "d." The duty cast upon the superintendent of buildings to enforce section 416 is confined simply to the initiation of criminal proceedings against the violators of section 416. These violations, though not so specified in section 416, are misdemeanors under the general provisions of the Penal Law (Consol. Laws, c. 40, § 2).

The intention of the statute is that they should be prosecuted criminally, and upon the conviction of the offender his certificate of registration should be canceled as a part of the penalty and automatically, the superintendent merely carrying out the physical act of cancellation. The charge made against the relator in this proceeding set forth alleged facts showing a violation of section 416, subd. "c," as aforesaid. It was sought to establish this offense at the hearing. The superintendent determined that the relator was guilty of this offense. He had, however, no jurisdiction to hear, try, and determine charges resting alone upon violation of the statute cited. As to them, the proper forum was a criminal court.

It follows that the determination of the superintendent of buildings must be annulled, and the cancellation of the relator's certificate of registration vacated, with $50 costs and disbursements.

JENKS, P. J., and MILLS and RICH, JJ., concur. THOMAS, J., not voting.